# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

Lyle W. Cayce
Clerk

No. 11-41343
Summary Calendar

KIMBERLEY VOGT,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; JIM VERNARDO;
IRS DOES; NATIONAL TAXPAYER ADVOCATE;
NORMA BRUDWICK; LINDA J. ANDRIST,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-62

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kimberley Vogt, proceeding pro se and in forma pauperis, appeals the dismissal of her claims against Defendants-Appellees, all with prejudice except for her claim pursuant to 26 U.S.C. § 7422, which was dismissed without prejudice. We affirm all dismissals, those with prejudice and the one without prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41343

Asserting that she had filed her federal income tax return, Form 1020, for tax year 2009 on April 12, 2010, Vogt filed the instant suit on February 9, 2011, less than a month after her 2009 federal income tax return was actually received by the IRS. Her complaint asserted claims against Defendants-Appellees pursuant to 26 U.S.C. § 7433 for "intentional breach and conspiracy to breach IRS regulations and statutes pertaining to refund credits" and pursuant to § 7422 for failure to issue a timely refund. In addition, Vogt sought mandamus in connection with her claimed refund.

Vogt acknowledged that her claims against the individual Defendants-Appellees should be dismissed for lack of jurisdiction, complaining only that the dismissal should be without prejudice. On appeal, Vogt continues to oppose the with-prejudice dismissal of her claims against the individuals, and she opposes dismissal altogether of her claims against the United States, including her mandamus claim.

The district court dismissed Vogt's claims against the individual Defendants-Appellees with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6). We agree that Vogt failed to state a claim susceptible of recovery against any of the individual Defendants-Appellees, and that she cannot. Thus, such dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) was proper and is affirmed.

The district court's dismissal of Vogt's § 7422 refund claim without prejudice is also affirmed. As a condition of suing for a tax refund, Vogt first had to file an administrative claim for refund "with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *See* 26 U.S.C. § 7422(a). Thus, Vogt is required to file an administrative claim and then wait six months before filing suit in federal court seeking relief. As there is no genuine dispute that Vogt's Form 1040 was not received by the IRS until January 12, 2011 or that she

No. 11-41343

instituted this suit less than a month later, without waiting the required six months or seeking administrative remedy, she did not meet the jurisdictional requirements to sue for relief under § 7422. Thus, the district court's summary judgment dismissal of that claim without prejudice was proper.

Finally, as Vogt's mandamus claim does not seek performance of a non-discretionary duty imposed on the United States by law, mandamus relief is not available. As the Magistrate Judge correctly noted in her Report and Recommendation to the district court, "[t]he United States enjoys sovereign immunity from the mandamus relief sought by [Vogt] in this lawsuit and [Vogt's] mandamus claim should be dismissed."

The district court's dismissal of Vogt's action is, in all respects, AFFIRMED.